UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE GERMAN,

                Plaintiff,

    v.

CHRIS ROBERTS,

                Defendant.

CASE NO. 3:15-CV-05237 BHS-DWC

ORDER TO SHOW CAUSE

Plaintiff Jose German, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint and orders Plaintiff to show cause as to why this Complaint should not be dismissed as time-barred.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Monroe Correctional Complex ("MCC"), alleges Defendant Chris Roberts, a City of Fircrest police officer, violated Plaintiff's Fourth

ORDER TO SHOW CAUSE - 1

Amendment rights when Defendant Roberts entered Plaintiff's home without a warrant and shot Plaintiff in the back[1]. Dkt. 6. Plaintiff maintains the incident occurred on April 28, 2011. *Id.*

### DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [ ] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

---

[1] In his Complaint, Plaintiff alleges four separate causes of action. However, each claim is based on the same fact pattern and alleges a violation of the Fourth Amendment.

tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

Although the statute of limitations is an affirmative defense which normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations stated in Plaintiff's Complaint, Plaintiff had actual notice of the facts relating to the claims he seeks to pursue in this action on April 28, 2011. *See* Dkt. 6, pp. 3, 4; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Therefore, the time for filing the Complaint expired on April 28, 2014. Plaintiff signed--effectively filing--this Complaint on April 6, 2015, more than eleven months after the statute of limitations ran. Further, Plaintiff has failed to plead facts to support equitable tolling of his claims.

Plaintiff is ordered, on or before July 8, 2015, to show cause as to why this Court should not recommend the Complaint be dismissed with prejudice based on the expiration of the statute of limitations. Plaintiff's response to this Order must explain why the Complaint is not barred by the statute of limitations.

If Plaintiff fails to timely respond to this Order to Show Cause, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 8th day of June, 2015.

David W. Christel
United States Magistrate Judge