UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE GERMAN,

                Plaintiff,

      v.

CHRIS ROBERTS, FIRCREST POLICE
DEPARTMENT,

                Defendants.

CASE NO. 3:15-CV-05237-BHS-DWC

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT

Plaintiff Jose German, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. On June 8, 2015, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and determined Plaintiff had alleged claims which were barred by the statute of limitations. Dkt. 7. Plaintiff was ordered to show cause as to why his Complaint should not be dismissed. *Id.* Plaintiff filed a Motion to Amend Complaint or Show Cause stating the alleged incident occurred on April 22, 2012, and he incorrectly wrote the date as April 28, 2011 in his Complaint. Dkt. 8. Based on Plaintiff's explanation and correction, the Court finds Plaintiff has shown cause to avoid dismissal of his Complaint.

Plaintiff's Motion to Amend is granted and Plaintiff's Complaint is amended as follows: The date of the alleged excessive force occurred between the evening of April 21 and the morning of April 22, 2012. *See* Dkt. 8, p. 2.

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 1

1    The Court, having reviewed Plaintiff's Complaint and Motion to Amend, hereby

2  ORDERS as follows:

3    (1)    Service by Clerk

4    The Clerk is directed to send the following to the named defendants by first class mail:  a

5  copy of Plaintiff's Complaint, a copy of this Order, two copies of the notice of lawsuit and

6  request for waiver of service of summons, a waiver of service of summons, and a return

7  envelope, postage prepaid, addressed to the Clerk's Office.

8    (2)    Response Required

9    Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of

10  service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60)**

11  **days** after the date designated on the notice of lawsuit to file and serve an answer to the

12  complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

13    A defendant who fails to timely return the signed waiver will be personally served with a

14  summons and complaint, and may be required to pay the full costs of such service, pursuant to

15  Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally

16  served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after

17  service.

18    (3)    Filing and Service by Parties, Generally

19    All attorneys admitted to practice before this Court are required to file documents

20  electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,

21  www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

22  All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

23  with the Clerk.  All filings, whether filed electronically or in traditional paper format, must

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 2

1    indicate in the upper right hand corner the name of the magistrate judge to whom the document

2    is directed.

3         For any party filing electronically, when the total of all pages of a filing exceeds fifty

4    (50) pages in length, a paper copy of the document (with tabs or other organizing aids as

5    necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be

6    clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

7         Any document filed with the Court must be accompanied by proof that it has been served

8    upon all parties that have entered a notice of appearance in the underlying matter.

9         (4)    <u>Motions, Generally</u>

10        Any request for court action shall be set forth in a motion, properly filed and served.

11   Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

12   part of the motion itself and not in a separate document.  The motion shall include in its caption

13   (immediately below the title of the motion) a designation of the date the motion is to be noted for

14   consideration upon the Court's motion calendar.

15        Stipulated and agreed motions, motions to file over-length motions or briefs, motions for

16   reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),

17   motions for default, requests for the clerk to enter default judgment, and motions for the court to

18   enter default judgment where the opposing party has not appeared shall be noted for

19   consideration on the day they are filed.  *See* LCR 7(d)(1).  All other non-dispositive motions

20   shall be noted for consideration no earlier than the third Friday following filing and service of the

21   motion.  *See* LCR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier

22   than the fourth Friday following filing and service of the motion.  *Id*.

23

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 3

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.  If a party (i.e. a *pro se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(5)    <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules.  As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party

1   who asked for summary judgment is entitled to judgment as a matter of
law, which will end your case.  When a party you are suing makes a
2   motion for summary judgment that is properly supported by declarations
(or other sworn testimony), you cannot simply rely on what your
3   complaint says.  Instead, **you must set out specific facts in declarations,
depositions, answers to interrogatories, or authenticated documents,
4   as provided in Rule 56(e), that contradict the facts shown in the
defendant's declarations and documents and show that there is a
5   genuine issue of material fact for trial.  If you do not submit your own
evidence in opposition, summary judgment, if appropriate, may be
6   entered against you.  If summary judgment is granted, your case will
be dismissed and there will be no trial.**

7

8   *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*,

9   315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to

10  dismiss for failure to exhaust administrative remedies).

11          Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on Plaintiff

12  may have their motion stricken from the Court's calendar with leave to re-file.

13          (6)     <u>Direct Communications with District Judge or Magistrate Judge</u>

14          No direct communication is to take place with the District Judge or Magistrate Judge with

15  regard to this case.  All relevant information and papers are to be directed to the Clerk.

16          (7)     The Clerk is directed to send copies of this Order and of the Court's *pro se*

17  instruction sheet to plaintiff.  The Clerk is further directed send a copy of this Order and a

18  courtesy copy of Plaintiff's Complaint to the City Attorney for the City of Fircrest, Washington,

19  by first-class mail.

20          Dated this 16th day of July, 2015.

21

22          David W. Christel
United States Magistrate Judge
23

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5