UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE GERMAN,

        Plaintiff,

   v.

CHRIS ROBERTS, FIRCREST POLICE DEPARTMENT,

        Defendants.

CASE NO. 3:15-CV-05237-BHS-DWC

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Jose German, proceeding *in forma pauperis* with retained counsel, filed this civil rights complaint under 42 U.S.C. § 1983. The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently pending in this action is Plaintiff's Motion for Leave to Amend Complaint.[1] Dkt. 24.

The Court concludes the interests of justice require giving leave to amend. Accordingly, Plaintiff's Motion is granted.

---

[1] Defendants' Motion for Summary Judgment is also pending in this action. Dkt. 18. The Court will address the Motion for Summary Judgment in a separately filed Report and Recommendation.

## BACKGROUND

On April 10, 2015, Plaintiff, proceeding *pro se*, filed a Motion for Leave to Proceed *In Forma Pauperis* and the Complaint. Dkt. 1, 6. Plaintiff alleges Defendants Chris Roberts, a City of Fircrest police officer, and Fircrest Police Department violated Plaintiff's constitutional rights when Defendant Roberts shot Plaintiff. Dkt. 6. The Court ordered Plaintiff to show cause why the Complaint should not be dismissed based on the expiration of the statute of limitations. Dkt. 7. Plaintiff filed an Amended Complaint correcting the date of the alleged shooting and this Court served the Amended Complaint. Dkt. 8, 9.

On September 11, 2015, Defendants filed an Answer and the Court entered a Pretrial Scheduling Order directing the parties to complete discovery by March 9, 2016 and file dispositive motions by May 9, 2016. *See* Dkt. 14, 15. Attorney Thomas S. Olmstead filed a notice of appearance on behalf of Plaintiff on October 14, 2015. Dkt. 16. On May 5, 2016, Defendants filed a Motion for Summary Judgment. Dkt. 18. Fourteen days later, on May 19, 2016, Plaintiff filed the Motion for Leave to Amend Complaint ("Motion"). Dkt. 24.

## DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
 A party may amend its pleading once as a matter of course within:
 (A) 21 days after serving it, or
 (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
 In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff filed an Amended Complaint and the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants oppose Plaintiff's Motion. *See* Dkt. 29. Therefore, Plaintiff must have the Court's leave to amend his Amended Complaint. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*. 170 F.3d 877, 880 (9th Cir. 1999)).

Defendants assert the Motion should be denied due to (1) undue delay, (2) prejudice to Defendants, and (3) futility of the proposed second amended complaint. Dkt. 29.

First, Defendants maintain "there is unquestionably undue delay." *Id.* at p. 4. Plaintiff filed the Motion on May 19, 2016. Dkt. 24. The Motion was filed seven months after Plaintiff's counsel filed a notice of appearance, more than two months after discovery closed, and fourteen days after Defendants' summary judgment motion was filed. *See* Dkt. 15, 16, 18. Plaintiff offers no explanation for why he did not move to amend at an earlier date. *See* Dkt. 24, 31. Therefore, the Court finds Plaintiff unduly delayed in moving to amend. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Court must also find prejudice, bad faith, or futility of the amendment to deny a motion to amend. *Id.*

Second, Defendants allege they will be prejudiced by allowing a second amended complaint at this time. Dkt. 29. Defendants specifically state they will be prejudiced because

1  discovery has closed, experts have prepared reports, and Plaintiff and Defendant have been

2  deposed. *Id.* at p. 6. If the amendment is allowed, Defendants may have to have their experts

3  evaluate new *Monell*[2] claims, respond to additional discovery requests, and prepare officials for

4  depositions. *Id*. Defendants state this will come at a great expense and inconvenience. *Id*.

      The Court reviewed Defendants' Motion for Summary Judgment, and Defendants' primary argument is this case should be dismissed under Rule 12(c) for Plaintiff's failure to state a claim. *See* Dkt. 18. Defendants did not have to engage is extensive discovery or wait for discovery to close to move for dismissal under Rule 12(c). Further, Defendants were on notice of a *Monell* claim during discovery and when they filed the Motion for Summary Judgment. *See* Dkt. 18, p. 18. (arguing Plaintiff failed to state a *Monell* claim). As they were on notice of a *Monell* claim, Plaintiff's proposed second amended complaint should not create a large amount of additional discovery and expense. Accordingly, the Court finds Defendants are not unfairly prejudiced by allowing Plaintiff to amend his Amended Complaint at this time.

      Third, Defendants contend the *Monell* claims alleged against Defendant Fircrest Police Department in the proposed second amended complaint are futile. Dkt. 29. To state a claim against a municipality, Plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, Plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipality liability under §

---

[2] A *Monell* claim arises from *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), wherein the Supreme Court held a local government can be sued under § 1983 if its employees acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, a plaintiff's civil rights.

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT - 4

1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In his proposed second amended complaint, Plaintiff alleges Defendant Roberts shot Plaintiff in the back after chasing Plaintiff and breaking into Plaintiff's friend's home. *See* Dkt. 24-2. Plaintiff was unarmed and Defendant Roberts did not identify himself. *Id.* After the shooting, Defendant Fircrest Police Department conducted an investigation which resulted in finding Defendant Roberts acted within the policy and procedures of Defendant Fircrest Police Department. *Id.* at p. 9. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). At this time, the Court does not find Plaintiff can prove no set of facts to prevail on the proposed *Monell* claims. Therefore, the proposed second amended complaint is not futile.

## CONCLUSION

The Court finds Plaintiff's Motion was unduly delayed; however, the Court does not find Defendants will be unfairly prejudiced by allowing Plaintiff to amend nor find Plaintiff's proposed second amended complaint is futile. The Court therefore finds the interests of justice require giving Plaintiff leave to amend.

Accordingly, Plaintiff's Motion is granted. Plaintiff's proposed amended complaint, attached to his Motion, is hereby deemed filed as Plaintiff's Second Amended Complaint. *See* Dkt. 24-2.

1     The Clerk is directed to separately docket Plaintiff's proposed second amended complaint

2 (Dkt. 24-2) as Plaintiff's Second Amended Complaint.

3     Dated this 21st day of June, 2016.

                                            David W. Christel
                                            United States Magistrate Judge