UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE GERMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRIS ROBERTS, FIRCREST POLICE DEPARTMENT,<br><br>            Defendants. | CASE NO. 3:15-CV-05237-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 8, 2016 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants Roberts and Fircrest Police Department's Motion for Summary Judgment ("Motion"). Dkt. 18.

Defendants filed the Motion on May 5, 2016, asserting the Amended Complaint should be dismissed because Plaintiff failed to state a claim for which relief can be granted and the evidence shows the entry into a personal residence and the use of force by Defendant Chris Roberts, a Fircrest Police Officer, was objectively reasonable. *See* Dkt. 18.

1    On May 19, 2016, fourteen days after the Motion was filed, Plaintiff moved to amend his Amended Complaint. Dkt. 24. The Court reviewed the Motion to Amend and found the interest of justice required allowing Plaintiff to file a second amended complaint. Dkt. 32. On June 21, 2016, Plaintiff's Second Amended Complaint was filed. Dkt. 33.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendants Motion attacks the Amended Complaint, which is now "non-existent." Further, after review of the Second Amended Complaint, Plaintiff included additional facts and claims relating to his claims against Defendants. *See* Dkt. 33. Therefore, Defendants will be required to respond to the Second Amended Complaint.[1]

Accordingly, the undersigned recommends denying Defendants' Motion as moot, but allowing Defendants to re-file a motion for summary judgment based on the allegations contained in the Second Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary

---

[1] As Defendants allege additional discovery may be required based on the new allegations contained in the Second Amended Complaint, the Court finds staying the Motion and allowing additional briefing does not promote judicial efficiency.

1 | judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be
2 | amended complaint.").
3 |       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
4 | Procedure, the parties shall have fourteen (14) days from service of this Report to file written
5 | objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
6 | objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time
7 | limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 8,
8 | 2016, as noted in the caption.
9 |       Dated this 21st day of June, 2016.

David W. Christel
United States Magistrate Judge